```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                              :
NARAYAN ALEXANDER,            :
                              :
         Plaintiff,           :    Civ. No. 18-646 (NLH) (JS)
                              :
     v.                       :    MEMORANDUM AND ORDER
                              :
ATLANTIC COUNTY, N.J., et al.,:
                              :
         Defendants.          :
_____:

IT APPEARING THAT:

1. Plaintiff Narayan Alexander, an inmate presently incarcerated at Bayside State Prison, in Leesburg, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. ECF Nos. 1 (Complaint), 1-2 (IFP application).

2. Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

3. Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under § 1915, a prisoner seeking to bring a civil action in forma

pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

4. In this action, Plaintiff seeks to proceed in forma pauperis and has submitted the required Affidavit of Poverty and the six month account statement, which appear satisfactory. 28 U.S.C. § 1915(a)(2). The account statement, however, has not been certified by an official at Bayside State Prison; certification is a requirement pursuant to 28 U.S.C. § 1915(a)(2).

5. Plaintiff states in a letter to the Court that he is "having trouble getting a response from the prison business office" so he has sworn "under oath that the attached is a true statement of [his] prison account." ECF No. 1-2 at 3.

6. Although this Court cannot rule out the possibility that Plaintiff was unable to obtain the signature of an authorized prison official certifying his account statement, Plaintiff must provide the Court with a certification specifying

2

the names and titles of authorized prison officials whom he approached with requests to certify his account; the dates of these requests; and the reasons these authorized prison officials gave to Plaintiff in connection with their decisions to decline his requests. Upon being presented with Plaintiff's certification to that effect, this Court would be in the position to determine whether it should excuse Plaintiff's failure to obtain an authorized prison official's signature and a copy of his account statement, or whether the Court should conduct an additional inquiry into this matter.

7. For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1] Plaintiff will be granted leave to apply to re-open within thirty (30) days.

IT IS therefore on this __23rd__ day of January, 2018,

ORDERED that Plaintiff's request to proceed in forma pauperis is hereby DENIED WITHOUT PREJUDICE; and it is further

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case, without filing the complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of the Court shall send Plaintiff the form entitled Affidavit of Poverty and Account Certification (Civil Rights) (DNJ ProSe 007 A (Rev. 5/13)) to be used by Plaintiff in any future application to proceed in forma pauperis; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed in forma pauperis application, including a six-month prison account statement that is either certified by a prison official or includes a certified explanation of Plaintiff's attempts to have the statement certified as specified above, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court,

the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |